# UNITED STATES DISTRICT COURNT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NEUROGRAFIX, <br> a California corporation; <br><br> NEUROGRAPHY INSTITUTE <br> MEDICAL ASSOCIATES, INC., <br> a California corporation; <br><br> and <br><br> IMAGE-BASED SURGICENTER <br> CORPORATION, <br> a California corporation <br><br>           Plaintiffs, <br><br> v. <br><br> THE UNIVERSITY OF CHICAGO <br> MEDICAL CENTER, <br> an Illinois corporation; <br><br> and <br><br> THE UNIVERSITY OF CHICAGO, <br> an Illinois corporation <br><br>           Defendants. | Civil Action No. 12-cv-6068 <br><br> Judge: Matthew F. Kennelly <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS THE UNIVERSITY OF CHICAGO MEDICAL CENTER AND THE UNIVERSITY OF CHICAGO'S ANSWER, COUNTERCLAIMS, AND AFFIRMATIVE DEFENSES TO PLAINTIFFS NEUROGRAFIX, NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC., AND IMAGE-BASED SURGICENTER CORPORATION'S COMPLAINT**

Defendants The University of Chicago Medical Center and The University Of Chicago (collectively referred to as "THE UNIVERSITY OF CHICAGO" or "Defendants"), by and through their undersigned counsel, hereby respond to the individual numbered paragraphs of the

Complaint by Neurografix, Neurography Institute Medical Associates, Inc., and Image-Based Surgicenter Corporation (collectively referred to as "NGX" or "Plaintiffs") as follows:

1. Plaintiff NeuroGrafix is a California corporation with its principal place of business located at 2716 Ocean Park Boulevard, Suite 3075, Santa Monica, California 90405.

    **ANSWER:** THE UNIVERSITY OF CHICAGO is without sufficient information or belief at this time to admit or deny the allegations of paragraph 1.

2. Plaintiff NIMA is a California corporation with its principal place of business in Santa Monica, California.

    **ANSWER:** THE UNIVERSITY OF CHICAGO is without sufficient information or belief at this time to admit or deny the allegations of paragraph 2.

3. Plaintiff IBSC is a California corporation with its principal place of business in Santa Monica, California.

    **ANSWER:** THE UNIVERSITY OF CHICAGO is without sufficient information or belief at this time to admit or deny the allegations of paragraph 3.

4. On information and belief, Defendant The University of Chicago Medical Center is an Illinois corporation with its principal place of business located at 5841 S. Maryland Avenue, Chicago, Illinois 60637.

    **ANSWER:** Admitted.

5. On information and belief, Defendant The University of Chicago is an Illinois corporation with its principal place of business located at 5801 S. Ellis Avenue, Chicago, Illinois 60637.

    **ANSWER:** Admitted.

6.  The University of Chicago Medical Center and The University of Chicago are collectively referred to as "Defendants." On information and belief, Defendants collectively work together to offer the infringing products and services, described below, at the medical facilities affiliated with and/or operated by The University of Chicago.

**ANSWER:** THE UNIVERSITY OF CHICAGO admits that NGX collectively refers to The University of Chicago Medical Center and The University of Chicago as "Defendants." The remaining allegations of paragraph 6 are denied.

7.  This case is an action for patent infringement of United States Patent No. 5,560,360 (the "'360 Patent") under the Patent Laws of the United States, as set forth in 35 U.S.C. §§271 and 280 through 285.

**ANSWER:** THE UNIVERSITY OF CHICAGO admits that the complaint purports to allege infringement of United States Patent No. 5,560,360.

8.  This Court has federal subject matter jurisdiction over this action under 28 U.S.C. §§1331, 1332(a)(1), 1332(c)(1) and 1338(a).

**ANSWER:** Admitted.

9.  Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a), 1391(c), and 1400(b), including without limitation because Defendants are advertising, marketing, using, selling, and/or offering to sell products in this Judicial District.

**ANSWER:** Admitted.

10. The University of Washington, a public institution of higher education in the state of Washington, is the owner by assignment of the '360 Patent entitled "Image Neurography and Diffusion Anisotropy Imaging". The '360 Patent issued on October 1, 1999. A true and correct copy of the '360 Patent is attached as Exhibit A.

**ANSWER:** THE UNIVERSITY OF CHICAGO admits that United States Patent No. 5,560,360 is entitled "Image Neurography and Diffusion Anisotropy Imaging." THE

UNIVERSITY OF CHICAGO denies that United States Patent No. 5,560,360 issued on October 1, 1999. THE UNIVERSITY OF CHICAGO is without sufficient information or belief at this time to admit or deny the remaining allegations of paragraph 10.

11. Aaron G. Filler, Jay S. Tsuruda, Todd L. Richards, and Franklyn A. Howe are listed as the inventors of the '360 Patent.

    **ANSWER:** Admitted.

12. Washington Research Foundation ("WRF"), a not-for-profit corporation incorporated and existing under the laws of the State of Washington, holds substantially all rights in the '360 Patent and has exclusively licensed substantially all rights in the '360 Patent to NeuroGrafix in December of 1998.

    **ANSWER:** THE UNIVERSITY OF CHICAGO is without sufficient information or belief at this time to admit or deny the allegations of paragraph 12.

13. NeuroGrafix, NIMA and IBSC have been investing in and practicing the technology disclosed in the '360 Patent since at least 2000.

    **ANSWER:** THE UNIVERSITY OF CHICAGO is without sufficient information or belief at this time to admit or deny the allegations of paragraph 13.

## ANSWERS TO COUNT I

14. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 13 above, inclusive, as if fully repeated and restated herein.

    **ANSWER:** THE UNIVERSITY OF CHICAGO repeats its answers set forth in paragraphs 1 through 13.

15. Defendants have been and still are directly (literally and under the doctrine of equivalents) infringing at least claim 36 of the '360 Patent by making, using, selling, offering to sell, or importing, without license or authority, products and services that include, without limitation, the performance of DTI and diffusion anisotropy based tractography. Thus, by making, using, importing, offering for sale, and/or selling such products and software, Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(a).

    **ANSWER:** Denied.

16. To the extent that facts learned in discovery show that Defendants' infringement of the '360 Patent is or has been willful, Plaintiffs reserve the right to request such a finding at the time of trial.

    **ANSWER:** THE UNIVERSITY OF CHICAGO admits that NGX seeks to reserve the right to amend its pleading. The remaining allegations of paragraph 16 are denied.

17. As a result of Defendants' infringement of the '360 Patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

    **ANSWER:** Denied.

18. Defendants' wrongful acts have damaged and will continue to damage Plaintiffs irreparably, and Plaintiffs have no adequate remedy at law for those wrongs and injuries. In addition to their actual damages, Plaintiffs are entitled to a permanent injunction restraining and enjoining Defendants and their agents, servants and employees, and all persons acting thereunder, in concert with, or on their behalf, from infringing the '360 Patent.

    **ANSWER:** Denied.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

1. By reason of the proceedings in the United States Patent and Trademark office during prosecution of the application for United States Patent No. 5,560,360, specifically the

admissions, representations and amendments made on behalf of the applicant for such patents, NGX is estopped from asserting any construction of the claims of the United States Patent No. 5,560,360 that would cover any products or methods of THE UNIVERSITY OF CHICAGO.

### Second Affirmative Defense

2.  United States Patent No. 5,560,360 is invalid and unenforceable for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including without limitations 35 U.S.C. §§ 101, 102, 103, and 112.

### Third Affirmative Defense

3.  NGX's claims are barred in whole or in part by laches and/or estoppel because it unreasonably and inexcusably delayed in asserting infringement of any claims of the United States Patent No. 5,560,360.

### Fourth Affirmative Defense

4.  NGX is not entitled to injunctive relief on a preliminary or permanent basis because any alleged injury to NGX is not immediate nor irreparable, NGX has an adequate remedy at law, and the public interest would not be served by an injunction.

### Fifth Affirmative Defense

5.  Some or all of NGX's alleged damages are statutorily barred pursuant to 35 U.S.C. §§ 286 and/or 287.

## PRAYER FOR RELIEF

**WHEREFORE**, THE UNIVERSITY OF CHICAGO prays for the following relief:

a. Dismissing the Complaint herein with prejudice;

b. Denying each and every claim for relief made by NGX;

c. Issuing an order that THE UNIVERSITY OF CHICAGO does not infringe any claim of United States Patent No. 5,560,360;

d. Invalidating United States Patent No. 5,560,360;

e. Declaring this case as exceptional case and granting THE UNIVERSITY OF CHICAGO's attorneys' fees, costs and expenses incurred as a result of this litigation; and

f. Granting THE UNIVERSITY OF CHICAGO such other and further relief as the Court deems just and proper.

## JURY DEMAND

THE UNIVERSITY OF CHICAGO demands trial by jury for all issues triable by jury.

## COUNTERCLAIMS

Defendant/Counterclaim Plaintiffs The University of Chicago Medical Center and The University of Chicago (collectively referred to as "THE UNIVERSITY OF CHICAGO"), by and through their attorneys, as and for its Counterclaims against Plaintiffs/Counterclaim Defendants Neurografix, Neurography Institute Medical Associates, Inc. ("NIMA"), and Image-Based Surgicenter Corporation ("IBSC") (collectively referred to as "NGX"), hereby aver:

1. Upon information and belief, Plaintiff NeuroGrafix is a California corporation with its principal place of business located at 2716 Ocean Park Boulevard, Suite 3075, Santa Monica, California 90405.

2. Upon information and belief, Plaintiff NIMA is a California corporation with its principal place of business in Santa Monica, California.

3. Upon information and belief, Plaintiff IBSC is a California corporation with its principal place of business in Santa Monica, California.

4. The University of Chicago Medical Center is an Illinois corporation with its principal place of business located at 5841 S. Maryland Avenue, Chicago, Illinois 60637.

5. The University of Chicago is an Illinois corporation with its principal place of business located at 5801 S. Ellis Avenue, Chicago, Illinois 60637.

### Jurisdiction and Venue

6. There is an actual case of controversy regarding the infringement, validity, and enforceability of United States Patent No. 5,560,360 by reason of NGX filing and serving the Complaint herein upon THE UNIVERSITY OF CHICAGO.

7. This Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. § 1331.

8. This Court has personal jurisdiction over NGX by reason of NGX's availing itself of this Court in filing and serving the Complaint herein upon THE UNIVERSITY OF CHICAGO.

9. Venue is proper in this Court with respect to the parties and these counterclaims under 28 U.S.C. §1391.

### Counterclaim Count I: Invalidity

10. THE UNIVERSITY OF CHICAGO repeats and realleges the allegations contained in paragraphs 1 to 9 of this counterclaim.

11. An actual case or controversy exists between THE UNIVERSITY OF CHICAGO and NGX concerning the validity of United States Patent No. 5,560,360.

12. The claims of United States Patent No. 5,560,360, including but not limited to claim 36, are invalid and unenforceable under one or more sections of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

### PRAYER FOR RELIEF

**WHEREFORE**, THE UNIVERSITY OF CHICAGO prays for the following relief:

a. Entry of judgment declaring that the claims of United States Patent No. 5,560,360 are invalid;

b. Entry of judgment declaring that Defendants/Counterclaim Plaintiffs do not infringe and have not infringed, in any way any claim of United States Patent No. 5,560,360;

c, Entry of judgment declaring United States Patent No. 5,560,360 unenforceable.

d. Dismissing the Complaint herein;

e. Declaring this case exceptional under 35 U.S.C. § 285 and awarding Defendants/Counterclaim Plaintiffs costs, expenses, and attorneys' fees incurred in this action; and/or

f. Granting Defendants/Counterclaim Plaintiffs such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: November 15, 2012

*/s Nicole M. Murray*
Nicole M. Murray, Esq. (ID No. 6278103)
Christopher J. Fahy, Esq. (ID No. 6286130)
John E. Conour, Esq. (ID No. 6305651)
**QUARLES & BRADY LLP**
300 N. LaSalle Street
Suite 4000
Chicago, IL 60654
Telephone: (312) 715-5000
Facsimile: (312)632-1780

**Attorneys for Defendants**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **DEFENDANTS THE UNIVERSITY OF CHICAGO MEDICAL CENTER AND THE UNIVERSITY OF CHICAGO'S ANSWER, COUNTERCLAIMS, AND AFFIRMATIVE DEFENSES TO PLAINTIFFS NEUROGRAFIX, NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC., AND IMAGE-BASED SURGICENTER CORPORATION'S COMPLAINT** was served via the Court's ECF system, on this 15th day of November 2012 upon the following:

Kirsten L. Thomson (ID No. 6293943)
(thomson@mbhb.com)
**McDonnell Boehnen Hulbert & Berghoff LLP**
300 South Wacker Drive
Chicago, Illinois 60606
Tel.: (312) 913-0001
Fax: (312) 913-0002

Marc A. Fenster
(mfenster@raklaw.com)
Andrew D. Weiss
(aweiss@raklaw.com)
Fredricka Ung
(fung@raklaw.com)
**Russ August & Kabat**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Tel. 310.826.7474
Fax 310.826.6991

　　　　　　　　　　　　　　　　　*/s Nicole M. Murray*
　　　　　　　　　　　　　　　　　Attorney for Defendants